IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT PHILLIP GARCIA *and*
ELIZABETH PAULINE GARCIA,

        Debtors,                   Case No. 17-1207-JTM

                                    Bankr. Case No. 13-10458

                                    Chapter 13

CARL B. DAVIS, Chapter 13 Trustee,

        Plaintiff, Appellant,

        vs.                          Adv. No. 17-05006

TYSON PREPARED FOODS, INC.

        Defendant-
Appellees.

MEMORANDUM AND ORDER

This bankruptcy appeal is before the court on the motion of the Trustee for certification of the decisive issue to the Tenth Circuit Court of Appeals pursuant to Fed.R.Bankr.P. 8006(f) and 28 U.S.C. § 158(d)(2)(A)(i)-(iii), specifically the definition of the word "act" within 11 U.S.C. § 362(a)(3). The appellee, Tyson Foods, has explicitly acknowledged (Dkt. 3) that under the circumstances of the case it does not oppose certification.

The underlying dispute between the parties is whether a statutory lien which arises

automatically under state law as to a workers compensation settlement is an "act" within the meaning of the stay provisions of Section 362. The bankruptcy court determined that in light of recent Tenth Circuit precedent, *WD Equipment, LLC v. Cowen* (*In re Cowen*), 849 F.3d 943 (10th Cir. 2017), it was compelled to conclude that such a post-petition lien was not barred by Section 362.

Certification is appropriate under either of two alternative provisions in § 158(d)(2)(A). First, the automatic stay is a vital provision of bankruptcy law, and a resolution of the issue as to the effect of a post-petition automatic statutory lien is of sufficient "public import that [it] 'transcend[s] the litigants and involves a legal question the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case.'" *In re Johns-Manville Corp.*, 449 B.R. 31, 34 (S.D.N.Y. 2011), quoting 1 Collier on Bankruptcy ¶5.06[5][b] (Alan N. Resnick & Henry J. Sommer, 16th ed. 2010). Second, and alternatively, the effective resolution of the issue requires a balancing of conflicting circuit interpretations of Section 362. In both cases, determining whether *Cowen* in fact controls the resolution of the action, and whether *Cowen* was correctly decided, is a matter more efficiently resolved by the Tenth Circuit.

IT IS ACCORDINGLY ORDERED this 10th day of October, that the plaintiff-appellant's Motion for Certification (Dkt. 2) is hereby granted.

                                                                            ___s/ J. Thomas Marten_____
                                                                            J. THOMAS MARTEN, JUDGE